**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF ILLINOIS**
**BENTON DIVISION**

```
IN RE:                          )   Case No. 10-40457-lkg
                                )   Chapter 11
                                )
EMERALD BAY REVOCABLE TRUST,    )   Federal Courthouse
                                )   301 West Main Street
                                )   Benton, Illinois 62812
                                )
         Debtor.                )   November 3, 2010
_____ )   9:08 A.M.
```

TRANSCRIPT OF MOTION TO VACATE (DOCKET 86)
BEFORE HONORABLE KENNETH J. MEYERS
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For Emerald Bay:            DENNIS BELL

For Cheri English:          CHERI ENGLISH, Pro Se
                            2914 ½ Benton Road
                            Paducah, Kentucky 42003

TELEPHONIC APPEARANCES:

For BAC Home Loan           Stites and Harbison, PLLC
Servicing, Inc.:            By:  RICHARD A. VANCE, ESQ.
                            400 West Market Street, Suite 1800
                            Louisville, Kentucky 40202

ECRO:                       TINA GRAY

**Transcription Service:**      **TRANSCRIPTS PLUS, INC.**
                            **435 Riverview Circle**
                            **New Hope, Pennsylvania 18938**
                            **Telephone: 215-862-1115**
                            **Facsimile: 215-862-6639**
                            **e-mail CourtTranscripts@aol.com**

Proceedings recorded by electronic sound recording, transcript
Produced by transcription service.

1  THE COURT: Call the next matter.
2  CLERK: Emerald Bay Revocable Trust, Cheri English,
3  interested party, versus BAC Home Loan Servicing, Inc.
4  THE COURT: We're going to get Mr. Vance on the
5  phone. The Court has allowed him to appear by phone.
6                    (Pause)
7  FEMALE SPEAKER: Mr. Vance's Office.
8  CLERK: Yes. We need Mr. Vance for court with Judge
9  Meyers.
10  FEMALE SPEAKER: Yes, ma'am. Hold on.
11                   (Pause)
12  MR. VANCE: Rick Vance.
13  CLERK: Hi, Vance. We're in court with Judge
14  Meyers.
15  THE COURT: We're in court, Mr. Vance. On the motion
16  to vacate filed by Emerald Bay by Cheri English on the motion
17  to vacate.
18  MR. VANCE: Yes, sir. Is Emerald Bay in attendance?
19  THE COURT: Yes. Well, I -- and Mr. -- your name,
20  sir?
21  MR. BELL: Dennis Bell, Your Honor.
22  THE COURT: Dennis Bell is here, and Ms. English is
23  here. It's --
24                   (Pause)
25  THE COURT: Well, let me perhaps shorten this thing a

1  little bit.  Let me take a look at this.  Just give me one
2  second, if you would, please.
3                         (Pause)
4           THE COURT:  I'm not sure, Mr. Bell, what your
5  position is here.
6           Ms. English says that she didn't receive notice.  I'm
7  not going to -- you're not going to reargue all this stuff.
8  We're not going to rehash what's already been hashed, and
9  mashed, considered by the Court, we're just not going to do it.
10          Ms. English said that she didn't receive notice.  I'm
11 interested in hearing what she has to say.  There's nothing in
12 here -- you know, basically -- there's nothing alleged in any
13 of these documents that I'm interested in except for two
14 things:
15          Number one, her allegation that she didn't receive
16 notice of that prior hearing;
17          And, number two, I may be interested in the fact that
18 she alleges she was -- apparently alleges she was not trustee
19 at the time these things happened.
20          But you're not going to stand here and argue for her,
21 that's not the -- you're not a lawyer, are you?
22          MR. BELL:  No, Judge.  And that's not my intent.  I
23 do, though, have still this pending question of jurisdiction.
24 It's never been answered.
25          THE COURT:  What -- okay.  What pending question of

1  jurisdiction?
2          MR. BELL:  The -- well, the motion to vacate is based
3  on the previous motion for reconsideration and question of
4  jurisdiction that was filed by the Court.
5          THE COURT:  Well --
6          MR. BELL:  And the --
7          THE COURT:  See, that's a stupid argument.  That's a
8  -- you know what, let me tell you why it's a stupid argument.
9  You -- Emerald Bay and Ms. English, as trustee, invoked the
10 jurisdiction of this Court.  You invoked the jurisdiction of
11 this Court when you filed the pleadings in this Court.  That's
12 where the Court gets jurisdiction.
13         We didn't grab this thing out of mid air.  It's here
14 because you filed it here.
15         MR. BELL:  I understand that, Judge.  But BAC Home
16 Loan Servicing, Inc. --
17         THE COURT:  No, no, no, no.  We're not going to go
18 there.  We've been there.  We rode that pony as long as we're
19 going to ride it.  You had an opportunity to be heard on that
20 issue, you were heard on that issue, the Court rejected that
21 issue.
22         The only thing we're here today on is Ms. English's
23 argument that there's no jurisdiction.  I think she makes that
24 argument, which I rejected because you invoked the jurisdiction
25 of this Court.

1        She also says that she didn't get an opportunity to
2   be heard.  And she also says she wasn't trustee.
3        Now, both of those arguments -- let me tell you what,
4   I think they're specious -- they're just not believable.  But
5   over the abundance of care, I set this for a hearing to give
6   her an opportunity to say what she had to say.  Neither one of
7   those arguments are believable, frankly.  But I'm willing to
8   listen to what Ms. English has to say.
9        Ms. English, I'm willing to listen to what you have
10  to say.
11       MS. ENGLISH:  Well, I did not see any request to be
12  here, Your Honor.  I did not see that.  I did not get a letter
13  on that --
14       THE COURT:  At the prior hearing?  You got the one on
15  the continuance, didn't you?  The one that was inadvertently
16  entered by another judge?
17       MS. ENGLISH:  I don't recall.
18       THE COURT:  Well, you filed a motion for continuance.
19  And if you didn't get that order, why weren't you here?
20       MS. ENGLISH:  Well, I should not be held liable --
21       THE COURT:  Now, wait a minute.  I asked you a
22  question, I want an answer.  You said now you're not sure.  You
23  filed a motion to continue that prior hearing when we were
24  considering the attorney's fees.  You filed a motion to
25  continue that.

1   An order was entered by a different judge,
2 inadvertently continuing that matter.
3   Thirty minutes later, when I saw the order, I vacated
4 that order.
5   Now, if you didn't get either one of them, then why
6 weren't you here for that hearing?  And if you did get the
7 motion for a continuance, I want to hear why you didn't get the
8 other order?
9   (No audible response heard)
10  THE COURT:  You filed the motion to continue, ma'am.
11 I assume you did, or did somebody file it for you?
12  MS. ENGLISH:  No.
13  THE COURT:  You --
14  MS. ENGLISH:  I'm --
15  THE COURT:  -- wanted a continuance of the hearing.
16 Now you're alleging that you didn't get notice of the order
17 that vacated the order continuing.
18  MS. ENGLISH:  Well, after the second one, I tried to
19 get counsel, and could not get counsel.  Could not get anybody
20 to represent me at all.
21  THE COURT:  Well, the issue is not whether you got
22 representation.  The issue is whether or not you got a copy of
23 the order that vacated the order continuing it.  That's the
24 issue.
25  MS. ENGLISH:  I'm guessing I did, Your Honor.

1          THE COURT:  Okay.  Well, you got -- and then you
2  didn't appear at the hearing.  And when you didn't appear at
3  the hearing, the Court conducted the hearing, and you were
4  absent, and that's what happens when you don't show.
5          MR. BELL:  Judge, could I shed a little light on that
6  question for you?
7          THE COURT:  No, you can't.  You're not a lawyer.
8  You're not a lawyer.  We're not going to go -- we're not going
9  to go down that road.  I've told you that, Mr. Bell.
10         MR. BELL:  I'm just --
11         THE COURT:  I've been doing this work for 35 years,
12 and I can tell you what happens is you're wanting to confuse
13 this thing, and it would be a morass when you get done with it,
14 and I'm going to be no part of it.  You've had your opportunity
15 to speak.  You've been in this court before.  You've made your
16 arguments.  Those arguments were rejected.  We're not going to
17 go back down that path again.
18         The only thing in front of the Court today is Ms.
19 English's motion.  She's indicated she must have gotten the
20 notice of the order vacating.
21         And, frankly, that's the only honest thing to say.
22 You know why?  Because that went to the same address where the
23 order would have gone continuing the hearing.  Not only that,
24 not only did it go to the same address, I've checked with the
25 noticing center, and they were sent in the same envelope.  So,

1 I don't understand how you don't get a copy.

2             But I'm not interested in hearing you, Mr. Bell.
3 You're not a lawyer. We've heard your arguments. This is for
4 Ms. English, if she has anything to say. I could have rejected
5 this out of hand. Frankly, I probably should have. We've
6 mashed these potatoes until they're liquid.

7             MR. BELL: The notices go to Emerald Bay, Your Honor.
8 That's why --

9             THE COURT: Well --

10            MR. BELL: -- I wanted to --

11            THE COURT: No, no. Wait a minute. See, that's a
12 specious argument, too. She entered -- she entered her address
13 into the noticing center here. And her address is the same
14 address -- what is your address?

15            MS. ENGLISH: The -- my personal, or --

16            THE COURT: Yes.

17            MS. ENGLISH: 1155 Smith Avenue.

18            THE COURT: That's not the address you gave this
19 Court for noticing purposes. You gave this Court 2914 ½ Benton
20 Road, that's what you gave this Court.

21            MS. ENGLISH: I have two -- yes, I do have two
22 addresses.

23            THE COURT: Well, that's the address -- when you give
24 this Court an address where you want to receive notice, then
25 that's where you receive notice, and that's the address that

1  you gave this Court.

2         The notice was sent there, as well as to 2934 ½
3  Benton Road, which is Emerald Bay, I assume.  Or Dennis Bell.
4  So, you got notice.

5         Now, you say you weren't the trustee at the time.  I
6  don't quite understand that argument either, based upon the
7  record in this case.

8         MS. ENGLISH:  Well, after it was dismissed, I just
9  stepped down.

10        THE COURT:  You -- pardon?

11        MS. ENGLISH:  After the --

12        THE COURT:  Yes, but the attorney's fees were imposed
13 for the filing here.  It was an improper filing.  Up to that
14 point, you signed documents as trustee of this trust.  You
15 signed -- let me just -- let me just look here.  You signed the
16 Chapter 7 petition as trustee.  You signed the motion to
17 convert to Chapter 11 as trustee.  You signed the debtor's list
18 of equity security holders as trustee.  You signed an objection
19 to BAC Home Loan's motion to dismiss as trustee.  You signed
20 debtor's own motion to dismiss as trustee.  You signed the
21 motion to vacate as trustee and your motion to stay further
22 proceedings.  Those are just some of the documents.

23        And then I think you did sign -- even when I reviewed
24 it, you signed some documents as trustee, followed by some
25 documents that you were the former trustee, followed by some

1 documents that you were the trustee.

2 　　　　The imposition of the attorney's fees was due to the 3 fact that this should have never been filed here.  It was an 4 abuse of the bankruptcy process, that's what the Court has 5 held.  That's why the attorney's fees were imposed.

6 　　　　Once it was dismissed, then -- that's water under the 7 bridge.  I mean that had nothing to do with why the attorney's 8 fees were imposed.  There's been no conduct, other than 9 supplemental pleadings that have been filed.  Your, I think, 10 objection to BAC, or some of your motions that were filed 11 afterwards that you filed individually.

12 　　　　So, the attorney's fees were imposed for your 13 conduct, either personally after you said you withdrew, or as 14 trustee for the file.

15 　　　　So, the record just simply doesn't support that you 16 weren't trustee at the time.

17 　　　　So, the motion to vacate -- and we're just simply 18 here on the motion to vacate the Court's prior order, and that 19 motion is denied without merit.

20 　　　　Like I said, it's clear that you got notice, and 21 that's the basis of your motion to vacate.  The Court proceed 22 with the hearing.  And as far as I'm concerned, you know, 23 that's the end of it.  Hopefully that's the end of it.

24 　　　　MR. VANCE:  Thank you, Judge.

25 　　　　THE COURT:  Fine.  Thank you, Mr. Vance.

1      So, the motion to vacate is denied.  Thank you,
2 folks.
3      (Whereupon, at 9:19 P.M., the hearing was adjourned.)
4
5                         CERTIFICATE
6
7    I certify that the foregoing is a correct transcript from
8 the electronic sound recording of the proceedings in the
9 above-entitled matter.
10
11
12  /s/ *Karen Hartmann*    AAERT CET**D0475 Date: December 16, 2010
13 TRANSCRIPTS PLUS, INC.